AO 91 (Rev. 11/11)  Criminal Complaint

## UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 14 2026

MITCHELL R. ELFERS
CLERK OF COURT

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jeffrey Lane Goebel | ) | Case No. 26 - 1796 MF |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ April 10, 2026 _____ in the county of _____ Dona Ana _____ in the
_____ District of _____ New Mexico _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922 (g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

See attached "Affidavit"

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Daniel Ortiz, HSI Special Agent
*Printed name and title*

Electronically submitted and telephonically Sworn to before me.

Date: April 14, 2026
_____

_____
*Judge's signature*

City and state:     Las Cruces, New Mexico

Jerry H. Ritter, United States Magistrate Judge
*Printed name and title*

**United States of America**
**v.**
**Jeffrey Lane Goebel**

I, Daniel Ortiz, a Special Agent with Homeland Security Investigations (HSI), being duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

1. On April 10, 2026, United States Marshal Service (USMS) Deputies along with New Mexico State Police (NMSP) Officers were conducting an operation to locate and arrest Jeffrey Lane Goebel. Goebel had an active federal supervised release violation warrant for his arrest.

2. On same date, deputies and officers positively identified Goebel as the driver of a 2014 Mercedes Benz S550 near Triviz and Missouri Avenue in Las Cruces, NM. Deputies and officers followed Goebel and observed Goebel meeting with different individuals. The deputies and officers believed that Goebel was conducting hand-to-hand drug transactions with the unknown individuals. Deputies and officers were looking for an opportunity to safely take Goebel into custody, but Goebel recognized law enforcement and fled at a high rate of speed.

3. Officers and Deputies lost and Goebel and began canvasing the area. Deputies and officers located the Mercedes Benz at a property near Foster and Durazno Street. Goebel was not found in the vehicle and law enforcement continued to search for Goebel.

4. One of the officers observed Goebel walking near Foster and Esperanza Street. After being observed by law enforcement, Goebel attempted to run and but fell on the ground. During the foot pursuit, a loaded 9mm handgun with an extended magazine fell next to Goebel. Goebel was given commands not to touch the firearm and was taken into custody without further incident. While being arrested, Goebel told officers that he "wished they would have shot him" and that he "wanted them to kill him."

5. An NMSP officer applied for a district court search warrant after a canine alerted to Goebel's vehicle for the presence of narcotics. After the warrant was approved, the vehicle was towed to the NMSP office to be searched.

6. At approximately 9:00 PM, the search warrant was executed on Goebel's vehicle. A search of the vehicle revealed approximately 12.3 grams of suspected methamphetamine, a loaded .300 blackout short barrel rifle, drug paraphernalia, and several unidentified pills.

7. I have reviewed Goebel's criminal history, which shows that Goebel was convicted off a felony offense in the Western District of Texas in approximately 2021. Goebel's conviction was for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) under case number 3:21-cr-00254-LS-1. Goebel's active supervised release violation warrant was for this underlying charge.

8.  I have consulted with an Interstate Nexus trained Special Agent who advised that neither firearms nor ammunition are commercially manufactured in the State of New Mexico and that the firearms and ammunition seized in this case therefore traveled in and affected interstate commerce before Goebel possessed them.

Based on my knowledge, experience, and training, and the facts set forth above, I believe that on April 10, 2026, Jeffrey Lane Goebel knowingly possessed a firearm and ammunition, in violation of 18 U.S.C. § 924 (g)(1). Assistant United States Attorney Renee Camacho accepted federal prosecution of Jeffrey Lane Goebel.

Daniel Ortiz
Special Agent
Homeland Security Investigations

Electronically submitted and telephonically Sworn to before me on this 14th day of April _____, 2026.

Jerry H. Ritter
United States Magistrate Judge